**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA
*Internal Revenue Service*,

      Plaintiff,

v.                                                                    Civ. No. 25-70 JHR/GBW

GARY MEDLICOTT, *et al.*,

      Defendants.

<u>**ORDER TO SHOW CAUSE**</u>

THIS MATTER is before the Court *sua sponte*. On March 11, 2025, the Court issued an Order Setting Telephonic Status Conference. *Doc. 12*. Pursuant to the Order, the parties were required to appear by phone for a telephonic status conference on March 27, 2025, at 3:30 p.m. and were provided the telephone number for the parties to call. *Id*. At the conference, Defendant State of New Mexico's attorney Cordelia Friedman failed to appear at the appointed time. Plaintiff's counsel, Manuel Paul Lena, Jr., and Defendant Grant County, New Mexico's counsel, Benjamin Young, did appear. *See doc. 14*. The Court attempted to contact Ms. Friedman but was unable to reach her. The Court then proceeded with the conference without Ms. Friedman. *See id*.

The Court has the inherent power to sanction parties for litigation activities undertaken in bad faith in order to "maintain[ ] the authority and dignity of the court." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (citation and quotation omitted).

1

Further, the Court may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). In light of the forgoing, IT IS HEREBY ORDERED that Defendant State of New Mexico shall show cause in writing **not later than April 11, 2025**, why the Court should not assess sanctions against Defendant State of New Mexico or Ms. Friedman.

**IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE